# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |
| ) | |
| vs. ) | Case No. 17 C 2857 |
| ) | |
| CHRISTOPHER HUNTER, ) | |
| ) | |
| Movant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In December 2011, Christopher Hunter pled guilty to a charge of conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C. § 846. In May 2012, the Court sentenced Hunter to a prison term of twenty years. The Seventh Circuit rejected his subsequent appeal based on the conclusion that he had entered an unconditional guilty plea and thus had not properly preserved the right to appeal. *United States v. Adams*, 746 F.3d 734, 739 (7th Cir. 2014). Following a successful motion under 28 U.S.C. § 2255 to have his original guilty plea withdrawn and the judgment vacated, Hunter entered a second guilty plea pursuant to a plea agreement in October 2016. In January 2017, the Court sentenced him to sixteen years in prison; Hunter appealed neither the conviction nor the sentence. He has now moved to vacate his sentence under section 2255, arguing primarily that his career offender designation was inappropriate and that his attorney's failure to object to his career offender status and to appeal on that basis constituted ineffective assistance.

**Background**

The Court assumes familiarity with the facts of Hunter's criminal case. For purposes of the present motion, it suffices to say that Hunter was a member of the New Breeds, a street gang that operated a large heroin distribution ring on the west side of Chicago, and that he participated in the illegal operation by diluting the heroin prior to its distribution to street-level sellers. In November 2010, following an investigation by the Drug Enforcement Administration and the Chicago Police Department, a federal grand jury returned a twenty-two count indictment charging Hunter and thirteen others with a number of drug-related offenses.

In December 2011, three months after the Court denied his motion to suppress the fruits of certain court-authorized wiretaps conducted during the course of the investigation, Hunter pled guilty to count one of the indictment, a charge of conspiracy to possess heroin with intent to distribute, in violation of 21 U.S.C. § 846. Although Hunter's plea declaration repeatedly stated that he was reserving the right to appeal the denial of his motion to suppress, his attorney did not obtain approval of this reservation from the government or the Court. The Court sentenced Hunter to twenty years in prison, which was the mandatory minimum term in light of the applicable sentence enhancement under 21 U.S.C. §§ 841(b)(1)(A) and 851. He filed an appeal challenging the denial of the motion to suppress, but the Seventh Circuit dismissed the appeal in February 2014 based on its conclusion that the issue had not been properly preserved. *See Adams*, 746 F.3d at 739 (Federal Rule of Criminal Procedure 11(a)(2) requires both the government and the district court to agree to a conditional plea in order to preserve the right to appeal a pretrial motion).

In January 2015, Hunter filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In it, he argued that his trial counsel rendered ineffective assistance of counsel in violation of the Sixth Amendment by: (1) failing to preserve his right to appeal the denial of his motion to suppress, (2) failing to challenge the enhancement of his sentence under the federal Sentencing Guidelines' career offender provision and 21 U.S.C. § 851,[1] and (3) failing to inform the government that he wished to cooperate. The Court rejected Hunter's second and third claims but granted an evidentiary hearing on the first and appointed counsel to represent him. In March 2016, after the Court found in Hunter's favor on claim one, his guilty plea was withdrawn and the judgment was vacated.

Represented by the same counsel appointed for the 2255 evidentiary hearing, Hunter again pled guilty to count one of the indictment in October 2016, this time pursuant to a written plea agreement. The government agreed to move to dismiss the notice of prior conviction filed under section 851, thereby reducing Hunter's mandatory minimum sentence from twenty years to ten years. The plea agreement also listed a number of points to which the parties stated they agreed "[f]or purposes of calculating the Sentencing Guidelines." Plea Agreement, Case No. 10 CR 673-6, dkt. no. 979 at 7. Among these points of agreement was the admission that Hunter "is a career offender, pursuant to Guidelines §§ 4B1.1(a) and 4B1.2" as a result of convictions for "delivery of

---

[1] In this collateral attack on his original sentence, Hunter made many of the same arguments against the application of the career offender enhancement that he makes now. The Court rejected the claim that Hunter's first attorney was ineffective for failing to challenge his career offender status on these grounds. Specifically, the Court concluded that he could not show prejudice because, in light of the section 851 enhancement, the law did not permit a sentence lower than the twenty-year sentence he received. As explained below, however, the government agreed not to seek a twenty-year minimum sentence the second time around.

3

a controlled substance" in 1993 and 1997. *Id.* at 9, 11-12. At the change of plea hearing, upon questioning by the Court, Hunter confirmed that he went over the entire plea agreement carefully with his attorney before signing it, he believed he understood everything that was in the agreement, and he was satisfied with his attorney's work on the case thus far. The Court specifically noted that on pages seven through twelve of the plea agreement, Hunter "made some agreements with the government about how [the] sentencing guidelines scores should be calculated." Oct. 21, 2016 Plea Hr'g Tr. 12:22-12:25. When asked whether he had gone over that information carefully with his attorney, Hunter responded that he had.

The Court held a resentencing hearing in January 2017. The Court began by noting that the government's 2016 supplement to its original presentence report proposed a Guideline calculation of offense level 34 and criminal history category VI. Neither Hunter nor his attorney objected to the proposed calculation. After determining that the advisory range under the Guidelines was 262 months to 327 months, the Court imposed a significantly below-Guidelines sentence of 192 months (sixteen years) in prison. Hunter did not appeal.

In April 2017, Hunter filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255(a). In October 2017, after he received the government's response to his motion and filed a reply, Hunter filed a "Motion to Supplement According to Civil Procedure Rule 15(a), (c)(2)(B) in Relation Back to Petitioner's Title 28 U.S.C. Section [ ]2255 Motion." Both sides fully briefed this motion as well.

## Discussion

As an initial matter, pursuant to Federal Rule of Civil Procedure 15(a)(2), the

4

Court grants Hunter's October 2017 "Motion to Supplement," which it construes as a motion for leave to amend. Because this motion was filed well within one year of when the judgment of conviction became final, there is no need to address whether the amendment relates back to the filing date of Hunter's original 2255 motion. *See* 28 U.S.C. § 2255(f)(1).

Under section 2255, a federal prisoner may move to vacate, set aside, or correct a sentence that was imposed in violation of the Constitution or laws of the United States or that is otherwise subject to collateral attack. *Id.* § 2255(a). Hunter alleges two grounds for relief. First, Hunter contends that he received ineffective assistance of counsel when his attorney failed to object to the application of the Sentencing Guidelines career offender enhancement at resentencing on the ground that his prior state convictions were not proper predicates for the enhancement. He also argues that, as a result of the allegedly erroneous application of the career offender enhancement, he is serving an unconstitutional sentence in violation of his Fifth Amendment Due Process rights and the Sixth Amendment. In his reply brief, Hunter attempts to raise two additional claims. First, in replying to the government's contention that his challenge to the career offender enhancement is procedurally defaulted because he failed to pursue the claim on direct appeal, Hunter alleges for the first time that his attorney refused his request to appeal and that this constituted ineffective assistance of counsel. Second, he argues in his reply that his incarceration based on this allegedly unconstitutional sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. Hunter repeats these claims both in his October 2017 motion to supplement and his December 2017 reply to the government's response to that motion.

5

**A.    Sixth Amendment ineffective assistance claims**

To prevail on an ineffective assistance claim, a defendant must establish both that his attorney's performance "fell below an objective standard of reasonableness" and that he suffered prejudice as a result. *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009) (quoting *Strickland v. Washington,* 466 U.S. 668, 688 (1984)). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 458 (citation omitted). A defendant will be found to have suffered prejudice only if he can show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

**1.    Alleged failure to object to career offender designation at resentencing**

Under section 4B1.1 of the federal Sentencing Guidelines, a defendant who qualifies as a career offender is automatically placed in criminal history category VI and becomes subject to an increase in offense level depending on the statutory maximum sentence for the offense of conviction. U.S.S.G. § 4B1.1(b). A defendant is a career offender if he meets the following criteria:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

*Id.* § 4B1.1(a). A controlled substance offense is defined in the Guidelines as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or . . . possession . . . with intent to manufacture, import,

export, distribute, or dispense." *Id.* § 4B1.2(b).

As previously noted, in his 2016 plea agreement, Hunter specifically admitted that his two prior convictions were for "delivery" of controlled substances and that he was a career offender based on those convictions. Plea Agreement at 7, 9, 11-12. The supplemental presentence report likewise stated that Hunter qualified as a career offender because he was over eighteen years old when he committed the instant offense, the instant offense was a controlled substance offense, and he had prior convictions in Cook County for delivery of a controlled substance in 1993 (Case No. 93 CR 0784501) and 1997 (Case No. 97 CR 0946301). The court records that the government attaches to its response to Hunter's 2255 motion establish that in 1993, Hunter was charged with possession of a controlled substance with intent to deliver on school grounds or a public way, in violation of what is now 720 ILCS 570/407(b) and that in 1997, he was charged with manufacture/delivery of one to fifteen grams of cocaine in violation of 720 ILCS 570/401(c)(2). *See* Resp. to 2255 Mot. (Resp.) Ex. B at 1-5. These same records establish that Hunter pled guilty, but in fairness the records are less than definitive in identifying the precise charges to which he pled guilty. To be absolutely certain, one would have to know what happened in court when Hunter entered each of his guilty pleas.

Hunter contends that his attorney's failure to object to his designation as a career offender at the resentencing hearing constituted ineffective assistance of counsel. Hunter provides a number of theories regarding why his prior state convictions were insufficient to render him a career offender. First, Hunter contends that, under *Mathis v. United States*, 136 S. Ct. 2243 (2016), his prior convictions are not for a generic

7

controlled substance offense within the meaning of the Guidelines, because the statute under which he was convicted "criminalizes conduct that is not included within the guidelines definition." 2255 Mot. at 14. With respect to his 1993 conviction, Hunter argues that the Court lacked documentation sufficient under *Shepard v. United States*, 544 U.S. 13 (2005), to allow it to determine the specific charges to which he pled guilty and for which he was convicted (he contends that he pled guilty only to simple possession). Hunter also argues that his 1993 conviction cannot be used as a predicate for career offender status because possession of narcotics within 1,000 feet of a school is no longer a crime in Illinois. Lastly, he argues for the first time in his reply—and without elaboration—that his designation as a career offender is unconstitutional under Guidelines Amendment 798 and that his prior convictions were improperly considered because they occurred more than fifteen years prior to the commencement of the instant offense.

In addressing Hunter's contentions, it is important to keep in mind that the Court is not addressing the arguments on direct appeal from Hunter's guilty plea and sentence but rather in the context of a claim that his trial counsel rendered ineffective assistance. To prevail on his ineffective assistance claim, Hunter must show that his attorney performed deficiently in failing to object to his career offender designation on these grounds and that he suffered prejudice as a result.

Although Hunter now challenges his career offender status, he signed a plea agreement in which he specifically agreed, in clear and unambiguous terms, that he *was* a career offender based on his 1993 and 1997 convictions for controlled substance offenses, which the plea agreement—equally clearly—described as convictions for

8

"delivery of a controlled substance." Plea Agreement at 9 (¶¶ 9(c)(ii)-(iii)). At the change of plea hearing, the Court questioned Hunter under oath regarding his decision to enter into the plea agreement. Hunter confirmed under oath that he read the entire plea agreement carefully before signing, he went over the agreement in its entirety with his attorney, and he understood everything that was in the agreement. The Court then asked Hunter whether he carefully went over pages seven through twelve of the plea agreement—which detailed the parties' agreement regarding how the Sentencing Guidelines scores were to be calculated—with his attorney. Hunter confirmed that he had.

In light of these facts, Hunter cannot show that his attorney's decision not to challenge his designation as a career offender at the resentencing hearing "fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688. Given Hunter's unequivocal concession in the plea agreement that his convictions qualified him as a career offender, challenging this status would have required undoing the plea agreement. And this, in turn, very well could have jeopardized the government's willingness—also included in the plea agreement—to move to dismiss the notice of prior conviction under section 851, a move that reduced Hunter's mandatory minimum sentence from twenty years in prison to just ten. Because the decision to forego a challenge to the career offender designation was, under the circumstances, a reasonable strategy, Hunter's ineffective assistance of counsel claim fails. For this reason, the Court need not consider whether Hunter was prejudiced within the meaning of *Strickland*. *Cf. Harris v. United States*, 366 F.3d 593, 596-97 (7th Cir. 2004) (rejecting ineffective assistance claim without reaching the issue of prejudice on the

9

ground that attorney's decision not to argue for application of "safety valve" provision under the Sentencing Guidelines was a reasonable strategy).

### 2. Alleged failure to appeal

When a criminal defendant instructs his lawyer to file a notice of appeal, failure to do so is *per se* ineffective assistance of counsel. *Ryan v. United States*, 657 F.3d 604, 606 (7th Cir. 2011). "To succeed on such a claim, however, a defendant must show that he actually requested his attorney file an appeal." *Gant v. United States*, 627 F.3d 677, 681 (7th Cir. 2010).

Section 2255(b) provides that a defendant claiming ineffective assistance on a section 2255 motion is entitled to an evidentiary hearing if the facts alleged, if proven, would entitle him to relief. *Gaylord v. United States*, 829 F.3d 500, 506 (7th Cir. 2016). A hearing is not required, however, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), or if the defendant's allegations are "vague, conclusory, or palpably incredible, rather than detailed and specific." *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015) (internal quotation marks and citation omitted).

Hunter did not allege anywhere in his 2255 motion, or in the supplement that he filed a month later, that his attorney ignored his request to file an appeal of his sentence. Rather, he claimed only that his attorney failed to object to his career offender designation at resentencing. It was not until <u>after</u> the government suggested in its response that Hunter had procedurally defaulted any challenge to the career offender designation by failing to pursue it on direct appeal that he first alleged that he requested an appeal but his attorney refused to file one. *See* Reply to Resp. (Reply) at 6

10

("Counsel refused to [a]ppeal Petitioner's Career Offender status upon Petitioner's request to do so."); Reply to Resp. to Mot. to Supp. (Supp. Reply) at 3 ("Petitioner informed counsel immediately on the day of sentencing and several days after sentencing that he wanted to appeal his Career Offender Status. . . . Counsel simply refused to do so . . . ."); *id.* at 4 ("Petitioner requested counsel to appeal. Petitioner requests the Court to check the phone records he made from the detention center to counsels [sic] office an counsel's voice mail."); *id.* ("Petitioner swears under the penalty of perjury . . . that he requested an appeal and for counsel to challenge his Career Offender Status, but that his counsel refused to do so.").

The suspect timing of Hunter's allegation that he requested an appeal severely undermines the credibility of his claim. Because the Court finds Hunter's allegations regarding his attorney's failure to file an appeal to be "palpably incredible," it declines to hold an evidentiary hearing and overrules this ineffective assistance claim. *Martin*, 789 F.3d at 706 (internal quotation marks and citation omitted); *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) (citation omitted).

**B.     Fifth, Sixth, and Eighth Amendment Claims**

With the exception of ineffective assistance of counsel claims, claims not raised on direct appeal generally are procedurally defaulted for purposes of a section 2255 motion; such claims will not be considered on collateral review unless the defendant shows cause and prejudice that excuses the default. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *Qualls v. United States*, 774 F.2d 850, 851 (7th Cir. 1985). The Seventh Circuit has made it clear that relief under section 2255 is reserved for "extraordinary situations, such as an error of constitutional or jurisdictional magnitude

or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013). For that reason, in the absence of a fundamental miscarriage of justice, "arguments based on the Sentencing Guidelines must be raised on direct appeal or not at all." *Allen v. United States*, 175 F.3d 560, 563 (7th Cir. 1999) (internal quotation marks and citations omitted). The Seventh Circuit has held that an incorrect determination that a defendant is a career offender, resulting in an erroneous application of the section 4B1.1 career offender enhancement, would be reversible on direct appeal but is not cognizable on a section 2255 motion now that the Sentencing Guidelines are advisory rather than mandatory. *See United States v. Coleman*, 763 F.3d 706, 708-10 (7th Cir. 2014), *as amended on denial of reh'g and reh'g en banc* (Oct. 16, 2014); *Hawkins v. United States*, 706 F.3d 820, 823-24 (7th Cir.), *opinion supplemented on denial of reh'g,* 724 F.3d 915 (7th Cir. 2013).

In addition to asserting these points in the context of his ineffective assistance claims, Hunter appears to make separate claims that under *Mathis v. United States*, his 1993 and 1997 convictions do not qualify as controlled substance offenses within the meaning of the career offender guideline and thus his sentence violates his Fifth Amendment Due Process and Sixth Amendment jury trial rights. Hunter also alleges—without further elaboration—that requiring him to serve this allegedly unconstitutional sentence violates his Eighth Amendment right to be free of cruel and unusual punishment.

As explained above, the Seventh Circuit has held that an incorrect determination that a defendant is a section 4B1.1 career offender is not an error of constitutional

12

magnitude that is cognizable on a section 2255 motion. It is also worth noting here that Hunter received a significantly below-guidelines sentence. Given the career offender enhancement, the advisory range under the Guidelines was 262 months to 327 months in prison. The Court imposed a sentence of 192 months. If Hunter not been designated a career offender, with an offense level of 31 and a Criminal History Category of VI, his advisory range would have been 188 to 235 months in prison—Hunter's current sentence is still on the low end of that range. Moreover, with or without the career offender enhancement, Hunter was looking at a mandatory minimum of ten years and a maximum sentence of life in prison. 21 U.S.C. § 841(b)(1)(A).

In any case, the Court does not reach the merits of these claims because they are procedurally defaulted. Hunter did not raise these issues on direct appeal, and he does not argue that refusal to consider them now will result in a fundamental miscarriage of justice. Nor could he, given that the sentence imposed is well below the statutory maximum of life in prison. *See Hawkins*, 706 F.3d at 824-25 ("[W]e don't think that a sentence that is well below the ceiling imposed by Congress whether directly or by delegation to the Sentencing Commission should . . . be considered a 'miscarriage of justice' that can be collaterally attacked, just because the judge committed a mistake en route to imposing it."). Hunter also has failed to show cause and prejudice to excuse this default in light of the Court's conclusion that the allegation regarding his attorney's failure to file an appeal is palpably incredible. *See, e.g.*, *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996) ("[C]onstitutional errors not raised on direct appeal may not be raised in a § 2255 motion unless the defendant can demonstrate either: (1) both good cause for his failure to raise the claims on direct appeal and actual prejudice from

the failure to raise those claims, or (2) that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice.").

## Conclusion

For the foregoing reasons, the Court grants Hunter's motion for leave to supplement or amend [dkt. nos. 9 and 10] his section 2255 motion, but directs the Clerk to enter judgment denying Hunter's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 [dkt. no. 1]. The Court issues a certificate of appealability under 28 U.S.C. § 2253(c)(2), limited to the claim of ineffective assistance of counsel based on counsel's failure to challenge whether the 1993 and 1997 state court offenses were offenses involving delivery of a controlled substance. The Court declines to issue a certificate of appealability on Hunter's remaining claims, because their disposition is not fairly debatable.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: January 22, 2018